996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ray LIMPACH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3027.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1993.
As Amended July 9, 1993.
 
 Before: KEITH and JONES, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from an order denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. In 1990, Ray Limpach pleaded guilty to possession of a destructive device, to wit, a car bomb, in violation of 26 U.S.C. §§ 5861(d) and 5871, and to the unlawful possession of a pistol by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Limpach to a seventy-seven month term of imprisonment and Limpach did not appeal the judgment.
 
 
 3
 Limpach subsequently filed a motion to vacate the sentence under § 2255. The district court denied the relief sought, after the government responded, and this appeal followed. The parties have briefed the issues; Limpach is proceeding without counsel. In addition, Limpach has filed a motion seeking the appointment of appellate counsel.
 
 
 4
 Upon consideration, we find no error in the district court's judgment. It is initially noted that issues not preserved by direct appeal generally are not freely cognizable on collateral attack. Consequently, absent a fundamental miscarriage of justice, only the ineffective assistance of counsel claim would ordinarily be reviewable absent a demonstration of cause for the failure to preserve the issues and resulting prejudice. Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 152, 165-68 (1982). Limpach has not satisfied the cause and prejudice standard, therefore, these claims could be disposed of on this basis.
 
 
 5
 Limpach's first claim is that his guilty pleas were not knowingly and voluntarily made. A plea of guilty is valid if, under the totality of the circumstances, the record reflects that it was entered voluntarily, knowingly, and intelligently. Brady v. United States, 397 U.S. 742, 749 (1970). A solemn declaration of guilt carries a presumption of truthfulness; the subsequent presentation of unsupported or wholly incredible allegations to the contrary is subject to summary dismissal. Blackledge v. Allison, 431 U.S. 63, 74 (1977).
 
 
 6
 The record of Limpach's proceedings shows beyond a doubt the meritless nature of this claim. Limpach declared in open court that he was guilty of the crimes charged. The record clearly contains more than one reference to the sentence that Limpach was to receive if the agreement was approved (seventy-seven months) and the method by which the parties arrived at that figure. Limpach offered absolutely no objections to these figures or calculations. Limpach did in fact receive a seventy-seven month sentence. The district court properly disposed of this contention.
 
 
 7
 Limpach's second allegation is that the grand jury proceedings were tainted when he was forced to provide the jury with a handwriting exemplar and was denied access to counsel. This claim lacks merit. A valid guilty plea represents a break in the chain of events in the criminal process. A defendant who has entered a plea that is found to be valid may not thereafter challenge nonjurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 261-67 (1973).
 
 
 8
 either of Limpach's trial attorneys were ineffective under the test set forth in Hill v. Lockhart, 474 U.S. 52, 56-60 (1985).
 
 
 9
 Limpach's third ground for relief is that he was denied the effective assistance of trial counsel. This allegation has no factual or legal basis. There is no evidence in the record that either of Limpach's trial attorneys were ineffective under the test set forth in Hill v. Lockhart, 474 U.S. 52, 56-60 (1985).
 
 
 10
 Limpach's fourth claim is that he was prejudiced by being sentenced for attempted murder although he was not indicted for this crime and he did not plead guilty to a formal charge of attempted murder. The procedure used to calculate Limpach's sentence for a violation of 26 U.S.C. § 5861(d) tracks the guidelines, properly references the attempted murder guideline, and was set forth in the presentence report inspected by Limpach without objection prior to the entry of his plea.
 
 
 11
 Finally, Limpach alleges that a federal officer improperly communicated with the state court judge who sentenced Limpach on another crime, receiving stolen property. Limpach contends that, as a result of this communication, his state sentence was increased from work release to a period of incarceration. He thus reasons that his federal sentence constitutes double jeopardy and that he should be given sentence credit for the state sentence.
 
 
 12
 Limpach's claim that the communication was prohibited or otherwise improper appears wholly speculative. The government's uncontradicted explanation at sentencing was that Limpach's state sentence was due entirely to his violation of a condition of his parole, namely, to stay away from the intended victim of the car bomb. Limpach's request for sentence credit is properly directed to the Attorney General. United States v. Wilson, 112 S.Ct. 1351, 1354-56 (1992).
 
 
 13
 Accordingly, the motion for appellate counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.